UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISON

| | |
|---|---|
| LARRY BAZILE | CIVIL ACTION NO.: ______________ |
| VERSUS | JUDGE: |
| CHEVRON U.S.A., INC. AND EUREST SUPPORT SERVICES | MAGISTRATE JUDGE: |

# ***SEAMAN'S COMPLAINT WITHOUT PREPAYMENT OF COSTS***

## JURISDICTION AND VENUE

1.

The jurisdiction of this Honorable Court is established pursuant to 28 U.S.C. Section 1331 and 1333 and the Jones Act, 46 U.S.C. Section 30104. This is an admiralty and maritime action pursuant to 28 U.S.C. Section 1333.

2.

Venue is appropriate pursuant to 28 U.S.C. Section 1391, since the defendants have a principle place of business in the District and may be found in this District.

## PARTIES

3.

Plaintiff, **Larry Bazile**, is a citizen and resident of Avoyelles Parish, Louisiana.

4.

Defendants, **Chevron U.S.A. Inc.,** who can be served through its registered agent for service of process, The Prentice-Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, LA 70802-6129; and

**Eurest Support Services**, who can be served through certified mail through S.H.R.M. Catering Services, Inc., Post Office Box 80798, Lafayette, LA 70598.

**STATEMENT**

5.

At all times pertinent herein, plaintiff, Larry Bazile was a seaman and member of the crew of Chevron vessel "Eugene Island 360" and was employed by Eurest Support Services.

6.

On October 5, 2009, plaintiff was injured when descending his top bunk, a ladder provided by the defendants collapsed, causing him to fall backwards into objects in the sleeping quarters.

7.

It is believed that an accident report was completed and properly reported, Larry Bazile has been receiving maintenance of $25.00 per day as a result of injuries that he sustained in the accident, said injuries consisting of injuries to his spine and extremities.

8.

It is alleged that on the date of the accident, as a galley hand for Eurest Support Services and on a Chevron platform, he was working 14 hours on and 14 hours off, earning approximately $1,500 per week gross and $1,100 per week net, and was working approximately 100 to 130 hours per week.

9.

As stated, Larry Bazile immediately notified the defendants of his accident.

**COUNT ONE-UNSEAWORTHINESS OF THE EUGENE ISLAND 360**

10.

Plaintiff's injuries were caused by the unseaworthiness of the Eugene Island 360, which unseaworthiness is attributable to his Jones Act employers, Chevron U.S.A. Inc., and Eurest Support Services, which unseaworthiness consisted of, but not limited to the following:

a. Failure to have necessary equipment and personnel to descend the top bunk, it being alleged that the ladder had loose screws which caused the collapse upon the plaintiff attempting to descend from his top bunk to the vessel floor.

b. Failure to have proper equipment aboard the vessel.

c. Failure to have adequately trained crew.

d. Failure to ensure a safety and health policy regarding the employees on board the vessel and its tow.

e. Failure to have procedures to inspect the ladder resulting in hazardous conditions.

f. Any and all other acts of unseaworthiness, which will be shown at trial of this matter.

**COUNT TWO-NEGLIGENCE**

11.

The injuries to plaintiff, LARRY BAZILE, were caused with no contributing negligence on his part, by the negligence of all two defendants, their agents, employees, which negligence consisted of the following:

***CHEVRON U.S.A INC.,***

a. Failure to remedy the unseaworthy conditions mentioned above.

b. Failure to provide employees with a reasonably safe place to work.

c. Failing to furnish adequate equipment and crew and having a defectively installed ladder for plaintiff to descend.

d. Using unsafe operating practices.

e. Furnishing unsafe equipment and inadequate personnel to Larry Bazile.

f. Failure to properly train and implement safe work procedures, failure to properly implement safe work procedures including maintenance of the ladder in question.

g. Failure to furnish sufficient, knowledgeable and competent supervisory personnel to monitor the working being performed.

h. Failure to take all precautions such as to avoid this accident.

i. Giving expressed or implied authorization for unsafe practices.

j. Not making certain that the ladder in which plaintiff was descending had been secured and made safe for the task that plaintiff was to perform.

k. Any and all other acts of negligence which will be shown at trial of this matter.

***EUREST SUPPORT SERVICES:***

a. Failure to provide a safe workplace.

b. Failing to furnish adequate equipment and crew and having a defectively installed ladder for plaintiff to descend.

c. Using unsafe operating practices.

d. Furnishing unsafe equipment and inadequate personnel to Larry Bazile.

e. Failure to properly train and implement safe work procedures, failure to properly implement safe work procedures including maintenance of the ladder in question.

f. Failure to furnish sufficient, knowledgeable and competent supervisory personnel to monitor the working being performed.

g. Failure to take all precautions such as to avoid this accident.

h. Giving expressed or implied authorization for unsafe practices.

i. Not making certain that the ladder in which plaintiff was descending had been secured and made safe for the task that plaintiff was to perform.

j. Any and all other acts of negligence which will be shown at trial of this matter.

**COUNT THREE-MAINTENANCE AND CURE**

12.

At all times pertinent to this action, plaintiff was and is entitled to the benefits of maintenance and cure. Punitive damages for failure to pay proper maintenance and cure, attorney fees, and other items of damages incident to the obligation of defendants to pay maintenance and cure.

**DAMAGES**

13.

As a result of all the acts and omissions as set forth herein, defendants are liable in solido to plaintiff, LARRY BAZILE, for all damages as are reasonable in the premises, which damages consist of but are not limited to the following:

(a) Past, present and future physical pain, suffering and loss of function;

(b) Past, present and future mental pain, anguish and suffering;

(c) Past, present and future medical expenses which include, but are not limited to, rehabilitation costs, doctor bills, hospital bills, medical tests, pharmaceutical bills, laboratory examinations, physical examination costs, diagnostic studies, and prosthesis;

(d) Past, present and future loss of wages, including, but not limited to, loss of salary, fringe benefits, vacation, found, sick leave, overtime, parking, health and hospitalization insurance and disability coverage;

(e) Permanent disability to the musculature, ligaments and bones of the body and permanent scarring and disfigurement, particularly his back;

(f) General damages;

(g) Punitive damages;

(h) Reasonable attorney fees on account of the willful failure to pay maintenance or to provide cure.

**RESERVATION OF THE RIGHT TO AMEND**

14.

Plaintiff reserves the right to amend his said petition to join other responsible parties.

WHEREFORE, plaintiff, LARRY BAZILE, prays and demands judgment against the defendants, CHEVRON U.S.A INC., AND EUREST SUPPORT SERVICES, in solido, for his special damages, described above and to be proved at trial, for general damages for losses suffered by the plaintiff, LARRY BAZILE, and for damages in the event of withholding of maintenance and cure and punitive damages in that event, plus legal interest from date of

accident until paid, all costs, and for all general and equitable relief.

RESPECTFULLY SUBMITTED:

JOHN T. BENNETT LAW OFFICES
P.O. BOX 275
MARKSVILLE, LA 71351
(318) 253-4631

BY______________________________
JOHN T. BENNETT #2953

AND

EDWARD A. KAPLAN LAW OFFICE
P.O. BOX 12386
ALEXANDRIA, LA 71315
(318) 448-0831