RECEIVED
MAR 2 3 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **LARRY BAZILE** | **CIVIL ACTION NO. 10-0050** |
| -vs- | **JUDGE DRELL** |
| **CHEVRON U.S.A. INC., et al.** | **MAGISTRATE JUDGE KIRK** |

### RULING

Before the Court is a "Motion to Exclude the Reports and Testimony of Glenn M. Hebert and G. Randolph Rice, Ph.D." filed by Defendant, Chevron U.S.A. Inc. ("Chevron). (Document No. 28.) Plaintiff has opposed the motion, and the Court has discussed the matter with counsel during a telephone conference. Oral argument is not necessary. For the reasons set forth herein, the motion will be denied.

Background

Following dismissals, an amended complaint, and a summary judgment ruling, this suit has been honed to a straight personal injury claim. Larry Bazile, a galley hand working on an oil platform owned by Chevron, contends he sustained injury on October 5, 2009 when the ladder he was using to descend from a top bunk in the housing quarters gave way. There is no dispute the case is governed by the Outer Continental Shelf Lands Act ("OCSLA")[1], such that Louisiana substantive law applies.

---

[1] 43 U.S.C. § 1331, et seq.

In its motion, Chevron seeks to exclude the report and related testimony of Plaintiff's vocational rehabilitation expert, Glenn M. Hebert, on the grounds they "[are] not based on the reliable application of principles and methods to the facts of this case,[2] ignore crucial facts regarding plaintiff's history, lack relevance, confuse the issues, and lack probative value sufficient to outweigh the prejudicial effect." (Document No. 28-1.) Defendant also argues the report and testimony of Plaintiff's economist, G. Randolph Rice, Ph.D., should be excluded, because they "rel[y] exclusively upon the report of Glenn Hebert." (Id.)

As to the vocational rehabilitation expert, Chevron's main complaint is that, in determining Plaintiff's earning capacity, Hebert did not properly consider Plaintiff's work history, as documented in Social Security and personnel records. Defendant also contends Hebert did not take into account certain factors, such as work identity, vocational goal, and consistency of employment. Instead, Mover asserts Hebert simply took "the wages Bazile was earning on the day of his alleged injury, annualize[d] them, and claim[ed] they represent[ed] Bazile's earning capacity." (Id.) As support for its position, Chevron refers to the opinions of its own experts that Hebert's process was unreasonable and flawed. Defendant also cites the Court to a situation in which one of our brethren did not allow the jury to consider Hebert's opinion in another case.[3]

---

[2] Specifically, Chevron contends Hebert's report and testimony run afoul of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

[3] We do not have a copy of Hebert's report in the case referenced by Chevron, and we have not been provided with the facts or circumstances involved in that instance.

As noted above, Chevron's complaint with Plaintiff's economist is that he relied on Hebert's report.

Law and Analysis

Fed. R. Evid. 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702 gives the district court considerable discretion to admit or exclude expert testimony. See General Electric Co. v. Joiner, 522 U.S. 136, 138-39 (1997).

Under Daubert, 509 U.S. at 592-93, trial courts are to act as "gatekeepers," making a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." The gatekeeping function is meant to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but [also] reliable." Id. at 589.

The Advisory Committee Notes accompanying the 2000 amendments to Fed. R. Evid. 702 explain,

3

> [T]he rejection of expert testimony is the exception rather than the rule. <u>Daubert</u> did not work a "seachange over federal evidence law," and "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." <u>United States v. 14.38 Acres of Land Situated in Leflore County, Mississippi</u>, 80 F.3d 1074, 1078 (5th Cir. 1996). As the Court in <u>Daubert</u> stated: "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." 509 U.S. at 595.

The party offering expert testimony is not obligated to prove the testimony is correct. Rather, the party bears the burden of establishing "by a preponderance of the evidence that the testimony is reliable." <u>Moore v. Ashland Chemical, Inc.</u>, 151 F.3d 269, 276 (5th Cir. 1998), *cert den.*, 526 U.S. 1064 (1999). In analyzing reliability, the trial court must assess whether the reasoning or methodology supporting the expert's testimony is valid. The point is to exclude expert testimony that is based solely on subjective belief or unsupported speculation. <u>See</u> <u>Daubert</u>, 509 U.S. at 590. "Both the determination of reliability itself and the factors taken into account are left to the discretion of the district court consistent with its gatekeeping function under Fed. R. Evid. 702." <u>Munoz v. Orr</u>, 200 F.3d 291, 301 (5th Cir. 2000).

In <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 150 (1999), the Supreme Court emphasized that the <u>Daubert</u> analysis is a flexible one, and that the district court's responsibility is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." <u>Id.</u> at 152.

As Judge Vance noted in <u>Kirkland v. Marriott International Inc.</u>, 416 F.Supp.2d 480, 484 (E.D. La. 2006), the Advisory Committee Note to Rule 702 explains that testimony from an expert whose reliability is based mainly on that expert's personal observations, professional experience, education, and training may be admissible. Specifically, that Committee Note provides:

> Nothing in this amendment is intended to suggest that experience alone – or experience in conjunction with other knowledge, skill, training or education – may not provide sufficient foundation for expert testimony. To the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience.

Applying these standards, we find no basis on which to exclude Hebert's report or related testimony. Hebert explained the method by which he arrived at his conclusions. He also identified five different jobs within Plaintiff's capacities and provided the wages applicable to those jobs. While the report certainly could be more thorough, there is no reason to believe it will confuse the Court, which will be the trier of fact in this non-jury case.

The one aspect of Rule 702 that gives us some pause is the requirement that the expert's testimony be "based on sufficient facts or data." This difficulty is not so much with Hebert's report, however, as it is based on problems surrounding Plaintiff's history and work record. We find this to be an area ripe for cross-examination, not only as to Hebert, but also as to Chevron's expert, who will apparently surmise Plaintiff's future will be riddled with unemployment and incarceration. We are confident Chevron's expert will also be subject to healthy cross-examination.

5

Under the circumstances, we find <u>Daubert</u> and the Federal Rules of Evidence are not problematical and do not impact this Court's ability to interpret the evidence and discern the appropriate differences between and among the opinions of the various experts. Thus, Hebert's report and related testimony will be allowed at trial. As Chevron's complaint with Rice is that he relied on Hebert's report, Rice's report and related testimony may also be introduced.

<u>Conclusion</u>

For the reasons set forth herein, Chevron's "Motion to Exclude the Reports and Testimony of Glenn M. Hebert and G. Randolph Rice, Ph.D." (Document No. 28) is DENIED.

SIGNED on this 22ND day of March, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE